**KENNETH F. SMITH**
THE LAW OFFICES OF KENNETH F. SMITH, PLLC
16 COURT STREET, SUITE 2901
BROOKLYN, NY 11241
(646) 450-9929
kfslawfirm@gmail.com

December 23, 2020

BY ECF
**The Honorable Kimba M. Wood**
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 26A
New York, NY 10007-1312

RE: Kreek v. Humann *et.al.* - 18-CV-12154 (KMW)(OTW)
**Objection and Request for Reconsideration of the Court's 12/10/2020 Oral Order Closing Discovery Without Expert Discovery under F.R.C.P. 72.**

Your Honor,                                                          **MEMO ENDORSED**

    I, along with Taylor Koss, Esq., represent Plaintiff in this action. I write your Honor, pursuant to F.R.C.P. Rule 72, to respectfully Object to Magistrate Judge Wang's December 10, 2020 Oral Order[1] that the Discovery window had closed in this case and there was no period available for Expert Discovery to be conducted.

    (1) The parties have been operating under the assumption there would be Experts in this case from the outset. The Case Management Plan submitted by the Parties and adopted by the Court[2] reflects this. So, rather than it being a new notion by the parties that there should be expert discovery, the parties were surprised by Judge Wang's December 10, 2020 oral order stating that any period for the taking of expert discovery had lapsed and discovery is now closed.

    (2) Plaintiff expects Expert discovery to be completed within ninety days or **approximately March 15, 2021**

    (3) **Plaintiff has not requested any discovery extensions in this case** and has only once joined a request with the Defendant to request a discovery extension[3]. Plaintiff has diligently sought to keep the case moving forward in the face of numerous delays occasioned by the COVID-19 Pandemic.

---

[1] The Minutes of the proceedings are attached as Exhibit A.
[2] See Attachment B: Parties indicated (by redacting the words "do not") that they "do" intend to utilize Experts. And, Expert Discovery deadline of September 7, 2020 set: **sixty days following** the July 7, 2020 "Formal Discovery" deadline.
[3] Plaintiff joined this request in an effort to be reasonable and, due to the fact that, at the time, Defendant had still failed to Answer for several defendants, *let alone* provide discovery on their behalf.

**<u>Background</u>**

Although the case may appear to be "old," the reality is that the process of getting an Answer to the Complaint and participating, in good faith, in the mandatory mediation, took over a year, into the early part of 2020.

In January 2020, the Court held an Initial Conference in the matter. The parties discussed discovery, experts, the missing identifies of individual defendants, then captioned as "John Does", whose actual names and identities Plaintiff had been seeking since the case's inception, and the filing of an Amended Complaint that was to follow the disclosure of said identities by the City.

The Court adopted the Parties Proposed Case Management Plan[4] which sets deadlines for fact discovery for 7/7/2020 and Expert Discovery 9/7/2020.

On March 19, 2020, in light of the COVID pandemic, the Court issued a Discovery *extension* of sixty days: "ORDERED, pursuant to Fed. R. Civ. P. 16(b)(4), that all unexpired discovery deadlines are hereby EXTENDED for a period of 60 days. Counsel shall file a joint proposed order with the new discovery deadlines within seven (7) days of this Order."[5] <u>Thus the 7/7/2020 fact discovery became 9/7/2020, and the 9/7/2020 expert discovery deadline became 11/7/2020</u>.

On April 1, 2020, the Court ordered a blanket extension of "the discovery schedule by 60 days", as a result of the Pandemic, setting deadlines of September 4, 2020 for "Fact Discovery", and November 6, 2020 for Expert Discovery.

On June 8, 2020, Defense counsel filed a Request for an extension of time to Answer and discovery deadlines. The Court granted this request on June 9, 2020, (ECF event 85), extending the deadlines for fact discovery to October 5, 2020, and for Expert discovery, until December 7, 2020.

On September 15, the Court granted a joint request extending the deadlines by several weeks for Fact discovery until 11/19/2020, (See ECF event 95). Also, in that Order, the Court directed the Parties to file another status letter, by October 14 (**in advance of the expert discovery deadline given**) "inform[ing] the Court whether they intend to engage in expert discovery and a proposed timeline for such."

However, on that date (October 15, 2020) the parties were in a full-blown discovery dispute, which resulted in a request for Court intervention. Plaintiff neglected to renew, in a writing to the Court, the desire, present at all times, to use experts in the case and that the deadline for expert discovery trail the deadline for fact discovery reasonably for sixty or so days as it had been at all times.

The parties were able to negotiate a resolution themselves. However, when the parties informed the Court that they had negotiated a disposition to the discovery dispute, they neglected to renew their desire to use experts as contemplated from the inception of the case, and to request a reasonable period of adjournment to allow for the Expert discovery. As a result of Defendant's

---

[4] ECF event number, 31; Attached as Exhibit B: "Discovery. All fact discovery shall be completed by July 7, 2020. All expert discovery shall be completed by September 7, 2020. The Court further adopts the additional discovery deadlines as listed in the parties' Rule 26(f) report."
[5] See ECF event no. 54.

need for two weeks to resolve the discovery dispute, the discovery deadline was extended for two weeks until, 12/3/2020.

### PLAINTIFF REQUESTS THE COURT REOPEN DISCOVERY TO ALLOW A PERIOD FOR THE TAKING OF EXPERT DISCOVERY

As a result of the specialized subject matter of the case and the unique facts and circumstances, the Parties have always contemplated the use of experts in the case. (See Parties' proposed Case Management Plans, submitted as ECF Events 29 and 30).

This is so because the case involves complex issues which are likely beyond the ken of the average juror. For example, in this case, the jury will have to determine the reasonableness of police actions in the context of criminal, mental and public health law. And, to consider the nature of physical injuries and their causation, treatment, and after-effects. The entire case will hinge on these considerations. Thus, expert testimony is crucial.

For example, a Police practices expert could opine on the reasonableness of the Police use of Force, of the Police response, of the decision to designate Plaintiff as an Emotionally Disturbed Person and take him into custody. Plaintiff suffered physical injuries at the hands of defendants which required extensive medical treatment rendered by numerous physicians, over a span of time, lasting for years. Expert medical testimony is necessary in interpreting, summarizing, and opining on the medical evidence in this case, which is in record form.

Additionally, it is necessary for an expert to interpret psychological medical records from Plaintiff's short stay at Bellevue Hospital as a result of Defendant's actions.

The Parties have at all, (numerous), times, *communicated* this to the Court, with *one sole exception.* This exception is the acknowledged failure of the Parties/(Plaintiff) to *renew* in a writing to the Court, of their continued desire to use experts, as requested in the Courts September 15, 2020 Order.

This lapse was a mistake and an oversight and not an expression of desire to change the status quo (expert discovery deadline sixty days after fact discovery deadline) that had been embedded in the scheduling for close to a year.

There is no prejudice to the defense in allowing Expert Discovery to proceed. Defense does not object to this request. Additionally, there is no hardship or prejudice that would inure to the Court in allowing Expert Discovery to proceed for an additional, reasonable time.

In sum, although the "optics" of the case may seem as though it is exceedingly old, the reality is, as stated at the parties, telephonic conference, the case has hewn remarkably well to the original deadlines set by the Court at the inception of the matter. There is no prejudice in allowing an expert discovery deadline to follow the fact discovery deadline by sixty to ninety days, as the parties have clearly contemplated since the case started.

**Accordingly**, Plaintiff requests this Court strike Magistrate Wang's December 10, 2020 Oral order denying any further period of time for the parties to conduct expert discovery and set a deadline of March 15, 2021 for the Parties to conduct and complete expert discovery. ] Granted. KMW

Respectfully submitted,

**The parties are directed to submit (1) a joint proposed discovery plan and (2) a joint proposed scheduling order in accordance with the Court's model discovery plan and model scheduling order by Monday, January 11, 2021.**

SO ORDERED.

Dated: New York, New York

12/29/2020

/s/ Kimba M. Wood
Kimba M. Wood
United States District Judge

<u>/S/ KENNETH F. SMITH</u>
Kenneth F. Smith
*Attorney for Plaintiff Matthew Kreek*

cc:  Maria Fernanda DeCastro, Esq.
NYC Law Dept.
100 Church St.
New York, NY 10007
(*via ECF*)

**The Honorable Ona T. Wang**
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312
(*via ECF*)